## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **CHRISTOPHER A. SMITH,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | )   CIVIL CASE NO.   02-383-MJR |
| | ) |
| **DONALD N. SNYDER, JR., et al.,** | ) |
| | ) |
| **Defendants.** | ) |

## REPORT AND RECOMMENDATION

**FRAZIER, Magistrate Judge:**

Before the Court are motions to dismiss (Doc. Nos. 18, 27, 32).  Plaintiff, currently confined at Lawrenceville Correctional Center, filed this § 1983 action challenging the conditions of his confinement at Menard Correctional Center between December, 1999, and August, 2001.  He seeks declaratory and monetary relief, claiming that the defendants denied meaningful medical treatment for dental disease causing pain and other symptoms (Doc. No. 17).  On threshold review, plaintiff's allegations were evaluated under the Eighth Amendment, which is violated when a defendant responds to an inmate's serious medical needs with deliberate indifference (Doc. No. 4).

Defendants' motions were filed pursuant to Rule 12(b)(6).  The first step in evaluating the sufficiency of a pleading is to give pro se allegations a liberal interpretation, accept as true all well-pleaded facts, and draw all inferences in favor of the plaintiff.  If, so viewed, the allegations put the defendants on notice that plaintiff is asserting an Eighth Amendment claim, and his allegations do not rule out the possibility that the defendants violated the applicable legal standard, the pleading cannot be dismissed.  That is, dismissal is proper only if it is "beyond doubt" that plaintiff could prove no set facts consistent with his complaint that would entitle him to relief.  *Nance v. Vieregge*, 147 F.3d 589, 590 (7th Cir. 1998).

### Claims against defendants Snyder and Walls

I. <u>Official Capacity Claims</u>.  Defendants Snyder and Walls argue that plaintiff's official capacity claims for money damages are barred by the Eleventh Amendment.  Plaintiff responds by pointing out that he sues these defendants in both their official and individual capacities.

By including official capacity claims against Snyder and Walls, Smith makes the State of Illinois an interested party.  Because a state is not a "person" subject to a damages action under § 1983, this results in a statutory deficiency.  The Court should dismiss the official capacity claims for damages on this basis, mooting defendants' Eleventh Amendment argument.  *Power v. Summers*, 226 F.3d 815, 818 (7th Cir. 2000).

II. <u>Sufficiency of Eighth Amendment Claims</u>.  Defendants Snyder and Walls argue that has failed to allege facts sufficient to state deliberate indifference.  They characterize plaintiff's allegations as suggesting that he simply disagrees with decisions regarding the timing of dental treatment.  This particular argument overlooks the standard governing a Rule 12(b)(6) motion.  Plaintiff has certainly stated enough facts to place the defendants on notice that he is asserting an Eighth Amendment claim based on inadequate dental care.

Defendants Snyder and Walls also argue that plaintiff's allegations are insufficient to suggest that he can prove personal involvement in the alleged deprivation of dental care.  Plaintiff's allegations identify defendant Walls as the Warden of Menard Correctional Center.  He is sued because he reviewed pertinent information regarding plaintiff's claim on July 30, 2001, and concurred with a grievance officer's finding that plaintiff's concerns were being addressed by health care staff and no further action would be taken.  Defendant Snyder is identified as the Director of the Illinois Department of Corrections.  He is sued because he reviewed pertinent information regarding plaintiff's claim in October, 2001, and concurred with an administrative recommendation that plaintiff's grievance be denied.

Relief awarded pursuant to § 1983 must be based on facts showing that the defendants were personally involved in a deprivation of plaintiff's Constitutional rights. *Reed v. McBride*, 178 F.3d 849, 852 (7th Cir. 1999). Because plaintiff alleges that the insufficient dental care continued until August 7, 2001, shortly after defendant Walls reviewed the grievance officer's report and before defendant Snyder reviewed pertinent information, it is difficult to perceive any set of facts that would support a finding that these defendants were personally involved in the deprivation of care. Certainly no facts suggest that these defendants directed, authorized, approved, or otherwise participated in decisions regarding plaintiff's dental or medical care. Because the allegations do not suggest that plaintiff can show that defendants Walls or Snyder were personally involved in a deprivation of dental care, these § 1983 claims should be dismissed. In view of this recommendation, the qualified immunity argument is not addressed.

## Claims Against Defendants Ford and Gross

These defendants also challenge the sufficiency of plaintiff's pleading. Because plaintiff concedes that these defendants are not proper parties, the arguments supporting these motions are not addressed.

## Conclusion

IT IS RECOMMENDED that the motions to dismiss (Doc. Nos. 18, 27, and 32) be GRANTED. Plaintiff's § 1983 claims against defendants Snyder, Walls, Ford, and Gross should be dismissed with prejudice.

SUBMITTED:   June 22, 2005.

*s/Philip M. Frazier*
**PHILIP M. FRAZIER**
**UNITED STATES MAGISTRATE JUDGE**